# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re                                                Case No. 04-30002-DHW
                                                     Chapter 13
DAISY O. DAVIS,

       Debtor.

## ORDER ON MOTION FOR INSTRUCTIONS

The chapter 13 trustee filed a motion, as amended, for instructions regarding the disposition of funds in the trustee's possession following dismissal of the debtor's unconfirmed chapter 13 case. A hearing on the motion was held May 10, 2004. Upon consideration of the motion and arguments of counsel, the court concludes that the funds held by the trustee should be returned to the debtor.

## Jurisdiction

The court's jurisdiction is derived from 28 U.S.C. § 1334 and from the United States District Court for this district's general order of reference of title 11 matters. Further, because this matter involves the administration of this estate, it is a core proceeding under 28 U.S.C. § 157(b)(2)(A) extending the court's jurisdiction to entry of a final judgment and order.[1]

---

[1] A & M Furniture Mart, Inc. intimates that the court no longer has jurisdiction over this matter because the debtor's case was dismissed on April 8, 2004. The court disagrees.

This court's subject matter jurisdiction is limited to proceedings that 1) "arise under," 2) "arise in," or 3) are merely "related to" a case under title 11. *See* 28 U.S.C. § 1334(b).

"Arising under" proceedings are those that invoke a substantive right created by the Bankruptcy Code. *Carter v. Rodgers*, 220 F.3d 1249, 1253 (11th Cir. 2000). These proceedings "involve a cause of action created or determined by a statutory provision of title 11." *Maitland v. Mitchell (In re Harris Pine Mills)*, 44 F.3d 1431, 1435 (9th Cir. 1995).

'Arising in" proceedings are generally thought to involve "administrative-type matters . . . that could only arise in bankruptcy." *Carter*, 220 F.3d at 1253; *Maitland*, 44 F.3d at 1435.

"Related to" proceedings are those whose outcomes could "conceivably have an effect

## Factual Background

Daisy O. Davis filed a petition for relief under chapter 13 of title 11 on January 2, 2004. Both the chapter 13 trustee and creditor A & M Furniture Mart, Inc. filed objections to confirmation of the debtor's chapter 13 plan.

Upon consideration of the objections at an evidentiary hearing on March 29, 2004, the court denied confirmation of the plan and dismissed the case effective April 8, 2004 to allow the debtor time to consider conversion to chapter 7. The debtor did not convert the case, and the case was dismissed.

At the time of dismissal, the debtor had paid $943.34 to the trustee during the pendency of the case. The trustee currently holds the money in trust, and the case has not yet been closed.

A & M Furniture Mart served a writ of garnishment on the trustee seeking to garnish the funds. A & M Furniture Mart has a claim against the debtor arising from a prepetition state court judgment. The chapter 13 trustee filed the instant motion for instructions.

---

on the estate being administered in bankruptcy." *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*, 910 F.2d 784, 788 (11th Cir 1990). Further, "[t]he 'related to' connection has been described as 'the minimum for bankruptcy jurisdiction.'" *Continental Nat'l Bank v. Sanchez (In re Toledo)*, 170 F.3d 1340, 1345 (11th Cir. 1999).

"[T]he dismissal of an underlying bankruptcy case does not automatically strip a federal court of jurisdiction over an adversary proceeding which was related to the bankruptcy case at the time of its commencement. The decision whether to retain jurisdiction over the adversary proceeding should be left to the sound discretion of the bankruptcy court or the district court, depending upon where the adversary proceeding is pending." *Fidelity & Deposit Co. v. Morris (In re Morris)*, 950 F.2d 1531, 1534 (11th Cir. 1992).

In the case *sub judice* this court enjoys at least "arising in" jurisdiction if not "arising under" jurisdiction. The issue of what is to become of money held by the trustee in an unconfirmed case is at the very least an administrative matter arising in the bankruptcy case; at best it is a core matter whose resolution is determined by the bankruptcy statute itself. *See* 11 U.S.C. § 1326. It follows that if a bankruptcy court may retain jurisdiction over an adversary proceeding which is merely "related to" a bankruptcy case which has been dismissed, how much more may it retain jurisdiction of a matter that arises under or in a dismissed chapter 13 case.

## Conclusions of law

The sole issue presented here is the proper disposition of funds held by the chapter 13 trustee following dismissal of an unconfirmed chapter 13 case. The Bankruptcy Code expressly provides:

> A payment made under this subsection shall be retained by the trustee until confirmation or denial of confirmation of a plan. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as practicable. **If a plan is not confirmed, the trustee shall return any such payment to the debtor, after deducting any unpaid claim allowed under section 503(b) of this title.**

11 U.S.C. § 1326(a)(2) (emphasis added).

Bankruptcy courts hold differing views. Some, including one bankruptcy appellate panel, rule that funds held by the trustee following dismissal of an unconfirmed chapter 13 case are subject to levy by the debtor's creditors. *See Massachusetts v. Pappalardo (In re Steenstra)*, 307 B.R.732 (B.A.P. 1st Cir. 2004); *In re Doherty*, 229 B.R. 461 (Bankr. E.D. Wash. 1999); *In re Schlapper*, 195 B.R. 805 (Bankr. M.D. Fla. 1996). These courts reason that once the chapter 13 case is dismissed, the automatic stay is lifted thereby removing the protection of the funds from creditors. *Doherty*, 229 B.R. at 463; *Schlapper*, 195 B.R. at 806.

Other courts hold that the plain language of § 1326(a)(2) requires that the trustee return payments in such cases to the debtor. Those courts cite the rule of statutory construction enunciated in *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 242, 109 S. Ct. 1026, 103 L.Ed.2d 290 (1989) (holding that courts must look to the plain meaning of the statute and should go beyond the literal meaning only if the outcome would be contrary to the intentions of the drafters). *See In re Oliver*, 222 B.R. 272, 273-74 (Bankr. E.D.Va.1998); *In re Walter*, 199 B.R. 390, 391-92 (Bankr. C.D. Ill. 1996); *In re Clifford*, 182 B.R. 229 (Bankr. N.D.Ill. 1995).

This court agrees with the *In re Oliver* line of cases holding that § 1326(a) is clear and unambiguous with regard to the disposition of the funds. The trustee has a statutory obligation to return the funds to the debtor. 11 U.S.C.

§ 1326 preempts the state court garnishment statute.

This disposition of the money serves several purposes. First, it fosters the policy of encouraging debtors who are financially able to repay their debts to file chapter 13. It ensures that debtors who attempt chapter 13 will not be penalized for an unconfirmed attempt.[2]

Returning the money to the debtor ensures the orderly and efficient disposition of chapter 13 cases. Congress no doubt considered the possibility that creditors would like to participate in the money held by the trustee. By requiring the trustee to return the money to the debtor, Congress ensured that any attempts to reach the money would ensue outside the jurisdiction of the bankruptcy court. Therefore, unconfirmed cases may be closed as quickly as statutorily possible following dismissal. Holding to the contrary would create a "race to the trustee" and effectively ignore the statutory mandate to return the money to the debtor.

This holding is also consistent with the policy underlying 11 U.S.C. § 349(b). Under § 349(b)(3), dismissal of a case "revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title."[3] "The objective of section 349(b) is to undo the title 11 case insofar as is practicable, and to restore all property rights to the position they occupied at the beginning of such case." 3 Lawrence P. King, *Collier on Bankruptcy* ¶ 349.01[2], at 349-3 (15th ed. rev. 2003).

For the above reasons, it is ORDERED that the trustee, pursuant to 11 U.S.C. § 1326(b), return the $943.34 in his possession to the debtor.

---

[2] 11 U.S.C. § 1326 requires the trustee to return the money to the debtor whether the case terminates by dismissal or conversion. If the case is converted, the money does not become property of the chapter 7 estate unless the conversion was made in bad faith. *See* 11 U.S.C. § 348(f). This is another reflection of the policy to encourage debtors to repay their debts through chapter 13.

[3] Property of the estate does not otherwise vest in the debtor in a chapter 13 case until the case is confirmed. 11 U.S.C. § 1327(b).

Done this 16th day of June, 2004.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtor
   Richard D. Shinbaum, Attorney for Debtor
   Richard C. Dean, Jr., Attorney for Creditor
   Curtis C. Reding, Trustee
   Teresa R. Jacobs, Bankruptcy Administrator