*Bankruptcy 04-30002*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

FILED

NOV 1 7 2004

BANKRUPTCY COURT
ALABAMA

| | | |
|---|---|---|
| IN RE THE MATTER OF: | ) | |
| DAISY O. DAVIS | ) | |
| | | |
| A&M FURNITURE MART, INC. | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:04cv764-A |
| | ) | |
| CURTIS C. REDING, JR., CHAPTER | ) | |
| 13 TRUSTEE, AND DAISY O. DAVIS, | ) | |
| DEBTOR, | ) | |
| | ) | |
| Appellees. | ) | |

### FINAL JUDGMENT

In accordance with the Memorandum Opinion entered on this day affirming the decision

of the Bankruptcy Court:

1. The June 16, 2004 Order on Motion for Instructions of the Bankruptcy Court is

AFFIRMED.


Done this 16th day of November, 2004.


/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE THE MATTER OF: | ) | |
| DAISY O. DAVIS | ) | |
| | | |
| A&M FURNITURE MART, INC. | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:04cv764-A |
| | ) | |
| CURTIS C. REDING, JR., CHAPTER | ) | |
| 13 TRUSTEE, AND DAISY O. DAVIS, | ) | |
| DEBTOR, | ) | |
| | ) | |
| Appellees. | ) | |

## MEMORANDUM OPINION

### I. INTRODUCTION

This appeal is from an Order of the United States Bankruptcy Court for the Middle

District of Alabama (the "Bankruptcy Court"), on the Trustee's Motion for Instructions

regarding the disposition of funds of the Debtor's estate upon the unconfirmed dismissal of the

Debtor's chapter 13 case.

For the reasons discussed below, this court concludes that the decision of the Bankruptcy

Court is due to be AFFIRMED.

### II. STANDARD OF REVIEW

In an appeal of a Bankruptcy Court decision, the district court sits as an appellate court

and thus applies the "clearly erroneous" standard to the Bankruptcy Court's findings of fact, but

reviews the Bankruptcy Court's conclusions of law on a de novo basis. Fed. R. Bankr. Proc.

8013; In re Williamson, 15 F.3d 1037, 1038 (11th Cir. 1994) (citing In re Club Assocs., 956 F.2d

1065, 1069 (11th Cir. 1992)).

### III. FACTUAL AND PROCEDURAL PREDICATE

The facts of the underlying case are not in dispute:

On January 2, 2004, Daisy O. Davis ("the Debtor") filed a Chapter 13 voluntary petition.

Davis filed her proposed chapter 13 plan with her voluntary petition, and filed an amended plan

on February 10, 2004, which was subsequently withdrawn on February 18, 2004. On February

15, 2004, A&M Furniture Mart, Incorporated ("A&M") filed an objection to confirmation of the

Debtor's proposed plan. During the time the Debtor was in bankruptcy, and prior to her case

being dismissed, she paid the Trustee a total of approximately $943.34.

On April 9, 2004, the Bankruptcy Court issued an order denying confirmation of the

Debtor's plan and dismissing the case with a 180-day prohibition against the Debtor's re-filing.

Later that day, A&M served the Trustee with a Process of Garnishment issued by the District

Court of Montgomery County, Alabama, Small Claims Division. The garnishment sought to

require the Trustee to pay the funds that were on deposit in the Trustee's office to the State

District Court. The Trustee filed a Motion for Instructions with the Bankruptcy Court,

requesting instructions concerning how to handle the garnishment, and the Bankruptcy Court

ordered the Trustee to disperse the funds to the Debtor. It is from this Order that A&M appeals.

### IV. DISCUSSION

The sole issue presented here is the proper disposition of funds held by the Chapter 13

trustee following dismissal of an unconfirmed Chapter 13 case. The Trustee argues that the plain

language of 11 U.S.C. § 1326 mandates that, with the exception of certain administrative

expenses, any funds in the possession of the Trustee upon the unconfirmed dismissal of a

2

debtor's case should be returned to the debtor. A&M argues that upon dismissal of the Bankruptcy case, the automatic stay is no longer in effect, and as a result the garnishment of funds due to the debtor is permissible and the trustee, as a debtor of the debtor, is bound to accept the garnishment.

The applicable Bankruptcy Code provision states:

> A payment made under this subsection shall be retained by the trustee until confirmation or denial of confirmation of a plan. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as practicable. If a plan is not confirmed, the trustee shall return any such payment to the debtor, after deducting any unpaid claim allowed under section 503(b) of this title.

11 U.S.C. § 1326(a)(2).

Despite the clear language of section 1326(a)(2), courts are split as to whether funds held by the trustee following dismissal of an unconfirmed Chapter 13 case are subject to levy by a debtor's creditors. Compare In re Oliver, 222 B.R. 272, 273-74 (Bankr. E.D. Va. 1998) (directing trustee to return balance to debtor notwithstanding a garnishment of those funds by a judgment creditor) and In re Walter, 199 B.R. 390, 391-92 (Bankr. C.D. Ill. 1996) (finding creditor-bank could pursue state law remedies once funds were returned to debtors) and In re Clifford, 182 B.R. 229, 231-32 (Bankr. N.D. Ill. 1995) (finding state taxing authority not entitled to funds before debtor) with In re Steenstra, 307 B.R. 732, 739-40 (B.A.P. 1st Cir. 2004) (permitting levy by state taxing authority) and In re Doherty, 229 B.R. 461, 465-66 (Bankr. E.D. Wash. 1999) (permitting levy by state taxing authority) and In re Schlapper, 195 B.R. 805, 806 (Bankr. M.D. Fla. 1996) (finding trustee bound to accept the creditor's levy if the trustee had any money that belongs to the debtor).

In the Bankruptcy Court, A&M relied upon In re Steenstra and other cases cited within

3

Steenstra, which hold that a creditor may attach funds in the hands of a trustee that belong to the debtor and would otherwise be paid to the debtor absent the attachment. 307 B.R. at 739-40; see also In re Doherty, 229 B.R. at 465-66; In re Schlapper, 195 B.R. at 806; In re Mishler, 223 B.R. 17, 19 (Bankr. M.D. Fla. 1998).[1] The Steenstra court reasoned that the funds held by a Chapter 13 trustee after administration of the estate are not afforded protection from levy because the dismissal of the bankruptcy case prior to confirmation removed the protections afforded by the Bankruptcy Code. 307 B.R. at 739-40.

Additionally, A&M cites the unpublished In re Arlen Cecil Kiper, II cases for the proposition that the Eleventh Circuit, by failing to reverse the District Court or the Bankruptcy Court's decision that the Trustee should pay the creditor, at least by implication, would hold similarly in the present case. See In re Arlen Cecil Kiper, II, 98-14655-WSS (Bankr. S.D. Ala. Apr. 26, 2000) (unpublished) (directing the trustee, pursuant to a writ of garnishment, to disperse funds to the creditor); In re Arlen Cecil Kiper, II, No. 00-670-BH-L (S.D. Ala. Sept. 26, 2000) (unpublished) (finding no reversible error in the Bankruptcy Court's order); In re Arlen Cecil Kiper, II, No. 00-15595 (11th Cir. July 5, 2001) (unpublished) (affirming without opinion, pursuant to Rule 36-1, the District Court's order). None of the Kiper cases are published opinions, however, and an affirmance pursuant to Rule 36-1 has no precedential value. See 11th Cir. R. 36-1;[2] Virginia Props., Inc. v. Home Ins. Co., 74 F.3d 1131, 1132 n. 2 (11th Cir. 1996).

---

[1] This court does not find In re Mishler analogous to the unconfirmed case at hand since the Mishler Bankruptcy Court explicitly found that the plan at issue there was confirmed, thereby rendering section 1326(a)(2) inapplicable. See 223 B.R. at 19.

[2] Rule 36-1. Affirmance Without Opinion:

When the court determines that any of the following circumstances exist:

4

It is well-settled that in matters of statutory construction, courts should look to the plain meaning of the statute and should only go beyond the literal meaning if it appears that the outcome would be contrary to the purpose of the statute. United States v. Ron Pair Enters., Inc., 489 U.S. 235, 242 (1989). "The fact that Congress may not have foreseen all of the consequences of a statutory enactment is not a sufficient reason for refusing to give effect to its plain meaning." Union Bank v. Wolas, 502 U.S. 151, 158 (1991). "[W]hen there is 'clarity of the statutory text,' the party urging an interpretation contrary to the plain meaning of the statute bears an 'exceptionally heavy' burden of persuasion." Patterson v. Shumate, 504 U.S. 753 (1992) (citing Union Bank, 502 U.S. at 155-56)).

This court finds that the text of section 1326(a)(2) is unambiguous, and hence, agrees with the cases that read section 1326(a)(2) as requiring a trustee who is holding undistributed funds paid by the debtor to return those funds to the debtor following the unconfirmed dismissal of the debtor's case. See In re Oliver, 222 B.R. at 273-74 (directing trustee to return balance to debtor notwithstanding a garnishment of those funds by a judgment creditor); In re Walter, 199 B.R. at 391-93 (finding creditor-bank could pursue state law remedies once funds were returned

---

(a) the judgment of the district court is based on findings of fact that are not clearly erroneous;
(b) the evidence in support of a jury verdict is sufficient;
(c) the order of an administrative agency is supported by substantial evidence on the record as a whole;
(d) a summary judgment, directed verdict, or judgment on the pleadings is supported by the record;
(e) the judgment has been entered without a reversible error of law; and an opinion would have no precedential value, the judgment or order may be affirmed or enforced without opinion.

11th Cir. R. 36-1.

5

to debtors); In re Clifford, 182 B.R. at 231-32 (finding state taxing authority not entitled to funds before debtor).

Additionally, in the instant case, returning the funds to the debtor is consistent with the policy underlying 11 U.S.C. § 349(b), a provision addressing the effect of a bankruptcy dismissal. Section 349 "seeks to undo the bankruptcy upon dismissal and make it seem, insofar as possible, as if there had never been a Chapter 13 case." In re Walter, 199 B.R. at 392. As the In re Walter court aptly summarizes:

> The result of vesting the (acquired) property in the debtor serves to put the parties exactly in the position they would have been in had the debtor never filed Chapter 13. If there had been no Chapter 13 case, the (acquired) property would have vested in the debtor subject to whatever rights the debtor's creditors had to reach the (acquired) property under applicable nonbankruptcy law and procedure to satisfy their claims against the debtor.

Id. (citing In re Slaughter, 141 B.R. 661, 663-664 (Bankr. N.D. Ill. 1992)).

This case does not involve a creditor's prepetition lien that could arguably supercede the Debtor's right to return of the funds under section 1326(a)(2). See In re Lampman, 276 B.R. 182, 184 n. 1 (Bankr. W.D. Tex. 2002) (stating that "it is easy to envision a situation in which those funds might vest elsewhere. For example, a prepetition wage garnishment order would spring back into existence on the dismissal of the case such that the garnishor might be the entity entitled to receive the funds."); Clark v. Commercial State Bank, No. MO-00-CA-140, 2001 WL 685529, *7 (W.D. Tex. Apr. 16, 2001) (pre-bankruptcy garnishment enforced against funds on hand with chapter 13 trustee following voluntary dismissal). Rather, the instant case involves a post dismissal garnishment filed by a private party.

As a result, this court declines to read an unwritten exception into the clear statute. Appellant's arguments are better directed toward Congress, which has the power to create the

6

exception appellant seeks, just as Congress provided an exception for the allowance of administrative expenses to be paid prior to the dispersal of funds to the debtor. The Trustee here has a statutory obligation to return the funds to the Debtor.

## V. <u>CONCLUSION</u>

For the reasons discussed above, this court finds that the Bankruptcy Court did not err in ordering that the Trustee, pursuant to 11 U.S.C. § 1326, return the $943.34 in his possession to the Debtor. As a result, the decision of the Bankruptcy Court is due to be AFFIRMED. A separate Judgment will be entered in accordance with this Memorandum Opinion.

Done this 16th day of November, 2004.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE

Case 04-30002   Doc 87   Filed 11/17/04   Entered 05/06/08 14:21:19   Desc Main
Document   Page 8 of 8